■ JOYCE WHITTED, Respondent, v CITY OF NEW YORK, Appellant and Third-Party Plaintiff. MILDRED NAJJAR et al., Third-Party Defendants. — Judgment, Supreme Court, Bronx County (Di Fede, J.), dated May 5, 1981, is modified, on the law and the facts, to the extent of reversing the judgment in favor of plaintiff Joyce Whitted against defendant City of New York, and a new trial ordered on the issue of damages only awarded to said plaintiff, without costs and without disbursements, unless said plaintiff, within 20 days after service upon her of a copy of the order herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in her favor to $75,000 and to the entry of an amended judgment in accordance therewith. If said plaintiff so stipulates, the judgment, as so amended and reduced, is affirmed, without costs and without disbursements. After review of the record, the damages appear to us to be excessive to the extent indicated. Concur — Sullivan, J. P., Carro and Silverman, JJ.

Fein, J., dissents in a memorandum as follows: The jury awarded plaintiff a verdict of $500,000. The Trial Judge set this aside as excessive and ordered a new trial on the issue of damages unless plaintiff stipulated to a reduced verdict of $125,000. Plaintiff so stipulated, and the city now appeals, asking for further reduction to $15,000, asserting no loss of earnings and minimal physical injury and hospitalization expenses. The city's expert never examined plaintiff. He read her X ray and medical reports for the first time only 20 minutes before taking the stand at trial. He testified that plaintiff's injury was "rather common", and that the sequelae of her foot fracture would be pain only for the first two or three weeks and a gradual disappearance of this condition over a period anywhere from two months to three years. He conceded that in damp weather plaintiff could experience some pain in the area of the fracture which would cause her to limp slightly, and that this was a permanent injury. Plaintiff's expert was an orthopedic specialist who first examined her one month after the accident, and intermittently examined her over the next 26 months, the last time four months prior to trial. In his view, plaintiff was totally disabled for the first four months after the accident, and was thereafter partially disabled. His prognosis for her recovery was poor. He opined that the effects of her injury would worsen and that pain and discomfort would be permanent. The jury, faced with these expert opinions, rendered a verdict of $500,000. Although the verdict was excessive, it indicated plainly a jury finding that plaintiff had suffered a serious permanent injury. To the extent that the verdict was excessive, it was sufficiently corrected by the reduction imposed by the experienced Trial Justice. Plaintiff, at the time of the accident, was a 36-year-old student majoring in therapeutic recreation, work which would require treatment of patients in prisons, hospitals and nursing homes. Plaintiff's physician found that more than two years after the injury she was still suffering from peroneal tenosynovitis and traumatic synovitis, a permanent condition of partial disability which limited her range of motion in the left ankle and foot to the extent of "one-third to forty percent". In practical terms, plaintiff testified that such recreational activities as jogging, social dancing, ice skating and, to some extent, bicycle riding, had to be eliminated because of the pain. Moreover she had to curtail her dancing lessons, which she believed would have been of value in planning therapeutic recreational treatment for her patients. The reduced verdict, stipulated to as conditioned by the Trial Justice, was appropriate to this injury. Damages in personal injury cases are not susceptible of mathematical or other refined calculation. The experienced Trial Justice who heard and saw the witnesses, including plaintiff, reduced the verdict by 75%. No reason appears why there should be a further reduction. I would affirm.