■ ROBERT A. LUNDY et al., Respondents, v J. I. HASS Co., INC., Appellant. — Judgment of the Supreme Court, New York County (Maresca, J.), entered on June 13, 1983, which, after a jury trial, awarded plaintiff $663,000, together with interest, costs and disbursements, is reversed, on the law and the facts, and a new trial directed on the issue of damages only, without costs or disbursements, unless plaintiff, within 20 days of service upon him of a copy of

the order herein, with notice of entry, serves and files a written stipulation consenting to a reduction of the verdict in his favor to $188,000 and to the entry of an amended judgment in accordance therewith. If plaintiff so stipulates, the judgment, as so amended and reduced, is affirmed, without costs or disbursements. ¶ On April 5, 1978, plaintiff-respondent Robert A. Lundy injured his back when the tractor trailer truck he was driving overturned after Lundy had braked suddenly and driven over the curb of an exit ramp from the Brooklyn-Queens Expressway in order to avoid a maintenance truck owned by defendant-appellant J. I. Hass Co., Inc. At the time of the accident, employees of Hass were standing on the maintenance truck doing repair work on overhead cables. Lundy testified that the maintenance truck was parked in such a way that there was not sufficient room for his truck to pass, and that it was on the other side of a sharp curve in the ramp so that he could not see it in time to stop safely. He further testified that there were no signs or other warnings posted. ¶ In response to specific interrogatories, the jury found that Hass was negligent in blocking the ramp and that such negligence proximately caused Lundy's injuries. The jury apportioned liability 100% against Hass and awarded Lundy damages of $163,000 for diminished earning capacity based on evidence that he can no longer drive a tractor trailer, and $500,000 for pain and suffering. The jury declined to award any damages to Lundy's wife who joined her claim for loss of services. ¶ The evidence adduced at trial adequately supports the jury's determination that Lundy is entitled to damages for lost earnings and pain and suffering resulting from Hass' negligence. Although conflicting medical testimony left unclear the precise nature and extent of plaintiff's injury, i.e., whether he suffered a herniated disc or merely lower back trauma, the fact of injury is clear and the jury is entitled to resolve any conflict in plaintiff's favor. Also unclear was the extent of the plaintiff's lost earnings. In fact, the plaintiff specifically states that there is no objection to a reduction from the judgment, in the sum of $50,000, for diminished earnings. ¶ However, under the circumstances, the verdict of $663,000 is clearly excessive. (See *Whitted v City of New York,* 91 AD2d 504; *Crosier v Manhattan & Bronx Surface Tr. Operating Auth.,* 27 AD2d. 525.) Concur — Sandler, Carro and Milonas, JJ.

Kupferman, J. P., and Alexander, J., dissent in part in a memorandum by Kupferman, J. P., as follows: We would provide that in the event of plaintiff's failure to stipulate, the new trial should include *both* the issues of liability and damages.